# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Joseph Mosby,

    Plaintiff,

        v.

Wanda Hunt *et al.*,

    Defendants.

Civil Action No. 09-1917 (JDB)

## MEMORANDUM OPINION

In what remains of this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, defendant has submitted in unredacted form for *in camera* review the redacted documents that were released to plaintiff.[1] *See* Memorandum Opinion of May 5, 2010, at 8-9 (finding defendant's invocation of FOIA exemptions 2 and 7(F) unsubstantiated). In the accompanying Supplemental Declaration of Larry Collins ("Collins Supp. Decl."), Collins states that the Bureau of Prisons ("BOP") is no longer relying upon exemption 2. *Id*. ¶ 5. Hence, the remaining issue is whether BOP properly withheld information under exemption 7(F).

FOIA exemption 7(F) protects from disclosure "records or information compiled for law enforcement purposes" that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "Within limits, the Court defers to the agency's assessment of danger." *Amuso v. U.S. Dep't of Justice*, 600 F. Supp. 2d 78, 101 (D.D.C. 2009). "In general, this exemption has been interpreted to apply to names and identifying information of

---

[1] The documents are a one-page Memorandum dated March 30, 2009, and a one-page form captioned "Request for Transfer/Application of Management Variable," also dated March 30, 2009.

law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester." *Antonelli v. Federal Bureau of Prisons*, 623 F. Supp. 2d 55, 58 (D.D.C. 2009) (citations omitted). In a novel twist, defendant contends that release of the redacted information creates a safety risk mostly to plaintiff.[2] *See* Collins Supp. Decl. ¶¶ 9-11. By its terms, exemption 7(F) protects "any individual," and, as observed by another judge of this Court – albeit in the context of third parties -- "the Court can imagine no situation in which an individual would [knowingly] waive his or her right to physical safety-which is the right protected by Exemption 7(F)." *Linn v. U.S. Dep't of Justice*, 1995 WL 417810 *12 (D.D.C., June 6, 1995); *but cf. Ray v. F.B.I.*, 441 F. Supp. 2d 27, 37 (D.D.C. 2006) ("In light of [plaintiff's] apparent waiver [of exemption 7(D)'s confidential informant protection], the Court is not inclined to protect plaintiff from information about himself.") (citations omitted). Plaintiff does not appear to have waived the protection contemplated by exemption 7(F). *See* Pl.'s Memorandum of Law and Points of Authoritive (sic) in Support of Above-Requested Relief [Dkt. No. 20] at 7 (asserting that "[b]ecause that description does not detail whether Plaintiff was in danger or the sort of danger to others, the vague claim of this exemption should not be sustained at this early stage").

The Court is satisfied from its perusal of the redacted and unredacted documents and Collins' justification, *see* Supp. Decl. ¶¶ 8-12, that BOP reasonably determined that the disclosure of the withheld information could "jeopardize the safety of individuals(s)," including

---

[2] The Court did not locate any decisions, published or unpublished, addressing this particular application of exemption 7(F).

plaintiff. *Id.* ¶ 8. Hence, it properly redacted minimal information from the released documents

under FOIA exemption 7(F). A separate final order accompanies this Memorandum Opinion.


s/
JOHN D. BATES
United States District Judge

Dated: July 15, 2010